```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


MAX LENARD, #10386-042                                  PETITIONER

VS.                         CIVIL ACTION NO. 5:04-cv-307(DCB)(JCS)

CONSTANCE REECE, Warden
FCC-Yazoo City                                          RESPONDENT
```

## FINAL ORDER

This cause is before the Court on the petitioner's motion for extension of time to file response to report and recommendation **(docket entry 11)** and objections to report and recommendation **(docket entry 12)**. Also pending is the respondent's motion to strike the aforesaid pleadings **(docket entry 14)**. Having carefully considered the same, and being fully advised in the premises, the Court finds as follows:

Magistrate Judge James C. Sumner's Report and Recommendation was issued on November 14, 2005, and the Clerk's entry reflects that objections to the report and recommendation were due by December 2, 2005. On December 13, 2005, having received no objections, the Court adopted the report and recommendation and dismissed the petitioner's claims with prejudice as to the jurisdictional issue and without prejudice as to all other issues. On December 21, 2005, the petitioner filed his motion for extension of time to file his objections, stating that he did not receive the report and recommendation until December 12, 2005. On December 28, 2005, the petitioner filed his objections. Because a final

judgment has been entered, the Court shall treat the plaintiff's pleadings as a motion to reconsider the final judgment of this Court and raising objections to the magistrate judge's report and recommendation.  The respondent's motion to strike is therefore denied.

The petitioner was convicted in the United States District Court for the Northern District of Mississippi of distributing crack cocaine in violation of 21 U.S.C. § 841, and sentenced to a 240 month term of imprisonment on July 31, 1996.  He filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Mississippi.  His petition was denied on September 11, 1998.  Lenard filed the instant action pursuant to 28 U.S.C. § 2241, asserting that his new petition falls under the "savings clause" of § 2255 because his remedy under § 2255 was inadequate or ineffective to address his claim that <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) should be retroactively applied to his sentence.  As Magistrate Judge Sumner explained in his Report and Recommendation, the United States Supreme Court in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) extended <u>Blakely</u>'s reasoning to the federal sentencing guidelines, to hold that a federal defendant's Sixth Amendment rights were violated when his sentence was enhanced based solely on facts not found by a jury or admitted by the defendant.  However, the Fifth Circuit has recently determined that <u>Booker</u> is not retroactively applicable to cases on

collateral review.  <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005).  Thus, Lenard has not shown that his § 2255 remedy is inadequate or ineffective.

The Court therefore finds that the petitioner's motion to reconsider and his objections to the report and recommendation are not well taken.  Accordingly,

IT IS HEREBY ORDERED that the respondent's motion to strike **(docket entry 14)** is DENIED;

FURTHER ORDERED that the petitioner's motion for extension of time to file response to report and recommendation **(docket entry 11)** and objections to report and recommendation **(docket entry 12)**, which the Court treats collectively as a motion to reconsider the final judgment of this Court and raising objections to the magistrate judge's report and recommendation, are DENIED.

This Final Order fulfills the requirements of Fed.R.Civ.P. 58(a)(1)(D).

SO ORDERED, this the   20th   day of March, 2006.


                                  s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE

3